UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

No 10-CV-1684 (JFB)

———————

HENRY H. RAY,

Appellant,

VERSUS

CHASE HOME FINANCE, LLC,

Appellee.

———————

MEMORANDUM AND ORDER
August 29, 2011

———————

JOSEPH F. BIANCO, District Judge:

The instant case is an appeal from the voluntary bankruptcy proceeding of debtor Henry H. Ray ("Ray" or "appellant"), under Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). In particular, appellant *pro se* appeals from the Decision and Order Modifying Stay dated November 25, 2009 (the "November 25 Order") of the Honorable Alan S. Trust. In the November 25 Order, the Bankruptcy Court modified the bankruptcy stay to permit Chase Home Finance, LLC ("Chase" or "appellee") to continue with a post-foreclosure eviction against appellant. On December 11, 2009, appellant filed a Notice of Appeal (the "Notice of Appeal") of the November 25 Order. Appellee now moves to dismiss the instant appeal on the grounds that it is untimely pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure.[1] For the reasons set forth below, the Court grants appellee's motion to dismiss the appeal. Specifically, the Notice of Appeal is untimely and, thus, the Court lacks jurisdiction to consider it.[2] In any event, even

———————

[1] Appellee also argues, *inter alia*, that appellant's brief was late pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure. For the reasons stated below, the Court is not relying on that procedural defect.

[2] As discussed *infra*, in addition to appellant's opposition to appellee's motion to dismiss, the Court granted appellant further opportunity to address the jurisdictional and procedural defects argued by appellee. Specifically, although appellant failed to file a brief pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, in an

assuming arguendo that the Notice of Appeal had been filed timely, the Court concludes that the appeal fails on the merits.[3]

I. BACKGROUND

A. Judgment of Foreclosure and Sale

In October 2006, Chase filed a foreclosure action in Suffolk County, New York under Index No. 06-28809, concerning real property located at 170 Burrs Lane, Dix Hills, NY 11746. (*See* November 25 Order at 1-2.) Ray was a named defendant in the foreclosure action. (*Id*. at 2.) A Judgment of Foreclosure and Sale was entered on October 30, 2007. (*Id*.)

B. Prior Bankruptcy Proceedings

Chase's efforts to conduct a foreclosure sale were stayed, in part, by Ray filing three bankruptcy cases beginning on December 17, 2007. (*Id*. at 2-3.)

Ray's prior filings are summarized as follows: (1) the first case, docket no. 07-075202-dte, a Chapter 13 case, was filed on December 17, 2007 and was dismissed on January 29, 2008, (2) the second case, 08-71870-ast, a Chapter 7 case, was filed on April 16, 2008 and was dismissed on June 3, 2008 and, (3) the third case, 08-74207-ast, a Chapter 7 case, was filed on August 4, 2008 and was discharged on January 30, 2009. (*Id*. at 2.)

C. The Foreclosure Sale

During the pendency of appellant's third case, a foreclosure sale was conducted on November 21, 2008, and Chase was the successful bidder. (*Id*. at 3.) On August 26, 2009, appellant filed his fourth bankruptcy case. (*Id*. at 2.) On September 22, 2009, Chase made a Motion for Relief from Stay to continue with a post-foreclosure eviction action against Ray. (*Id*. at 1.) Ray opposed the motion arguing that Chase impermissibly foreclosed during the pendency of his third bankruptcy case filed on August 4, 2008. (*Id*.) On November 25, 2009, the Bankruptcy Court modified the stay to permit Chase "to exercise its remedies with respect to the Property, including continuation of the eviction action." (*Id*. at 6.) With respect to whether stay was in effect at the time of the foreclosure sale on November 21, 2008, the Bankruptcy Court determined that the foreclosure sale was not held in violation of the stay. (*Id*. at 4-5.) The Bankruptcy Court found that the stay had expired thirty days after filing, on September 3, 2008, because Ray's third case was filed on August 4, 2008, less than one year

---

abundance of caution, the Court granted appellant an opportunity to file his appellate brief, while reserving the issue of jurisdictional and procedural defects cited by appellee. In other words, for the purposes of the Court's analysis, the Court has considered appellant's opposition to appellee's motion to dismiss, which was filed on June 15, 2010 (hereinafter "Appellant's Opp."), as well as appellant's brief (hereinafter "Appellant's Mem. of Law") and reply (hereinafter "Appellant's Reply"), which were filed on July 27, 2010 and September 30, 2010.

[3] The Court notes that, in addition to his appeal of the November 25 Order, appellant raises several other arguments on the merits that were not raised below. As a threshold matter, there is no basis for the Court to consider these arguments being raised for the first time on appeal, as no manifest injustice will result. *See Greene v. U.S.*, 13 F.3d 577, 586 (2d Cir. 1994); *In Re Rymsbran*, 177 B.R. 163, 172 (E.D.N.Y. 1995). In any event, the Court finds these additional arguments to be without merit for the reasons set forth in appellee's brief.

2

later than the second case which was dismissed on June 3, 2008. (*Id.*)

With respect to fourth case, the Bankruptcy Court found that, although the automatic stay was in effect when it was filed on August 26, 2009,[4] the stay should be modified because Chase was now the owner of the property, and, thus, the property was not necessary to an effective reorganization. (*Id.* at 4-5.)

D. Procedural History of the Instant Action

On December 11, 2009, appellant filed a Notice of Appeal of the Bankruptcy Court's Judgment. On April 15, 2010, appellant's Notice of Appeal was filed in this Court. On April 19, 2010, the Notice of Docketing of Bankruptcy Appeal was filed. Appellant failed to file a brief within the allotted fourteen days pursuant to Rule 8009. By Order dated May 27, 2010, the Court ordered appellant to submit a letter to the Court by June 4, 2010 explaining why the instant appeal should not be dismissed for failure to comply with the Bankruptcy Rules. On May 28, 2010, appellee moved to dismiss on the grounds that the instant appeal is untimely pursuant to Rule 8002(a). With respect to the Court's May 27, 2010 Order directing appellant to explain why his appeal should not be dismissed for failure to comply with the Bankruptcy Rules, appellant replied by letter on June 3, 2010 and requested a continuance along with an application for the appointment of counsel. By Order dated June 7, 2010, the Court denied appellant's application for the appointment of counsel and directed appellant to file his brief by June 28, 2010.

On June 15, 2010, appellant filed an affidavit in response to appellee's motion to dismiss. Appellant did not address whether his appeal is timely. By letter dated June 23, 2010, appellant requested an additional thirty days to file his appellate brief. On June 25, 2010, appellee opposed appellant's request arguing that appellant cannot overcome the jurisdictional and procedural defects that exist in his appeal. By Order dated June 28, 2010, the Court, citing appellant's *pro se* status, granted the extension to file his brief by July 28, 2010, "while reserving on the issue of whether appellant can overcome any of the jurisdictional and procedural defects that appellee argues already exist." (ECF No. 13.)

On July 22, 2010, appellant filed an Order to Show Cause. That same day, having construed the Order to Show Cause as a request for a stay of the November 25 Order pending appeal so as to prevent his eviction from proceeding, the Court denied appellant's application. (*See* Order dated July 22, 2010, ECF No. 15.) Specifically, the Court denied appellant's application because appellant "failed to demonstrate any likelihood of success on the merits in this appeal. Specifically, appellant has not demonstrated that he is likely to overcome the jurisdictional issues and procedural defects with the appeal." (*Id.* at 1-2.) In addition, the Court held that, having conducted an independent review, the November 25 Order did not reveal any legal or factual errors. (*Id.* at 3.)[5]

On July 27, 2010, appellant filed his brief. On August 25, 2010, appellee filed its

---

[4] The Court determined that the stay was in effect at the time of filing because the fourth case was filed more than one year after his first two cases were dismissed and, because Ray received a discharge in his third case, 11 U.S.C. § 362(c)(3) did not apply. (*Id.* at 4-5.)

[5] On July 23, 2010, appellant filed a Notice of Appeal of the Court's Order. (ECF No. 16.) By mandate entered on April 27, 2011, the United States Court of Appeals for the Second Circuit deemed appellant's appeal to be in default and dismissed the appeal effective August 16, 2010. (ECF No. 29.)

3

opposition. On September 30, 2010, appellant filed his reply.[6] This matter is fully submitted and the Court has considered all submissions and arguments of the parties.

## II. DISCUSSION

At the time that the Bankruptcy Court issued the November 25 Order, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") required that Notices of Appeal from bankruptcy court orders be filed within ten days of the entry of the order appealed from.[7] *See* Fed. R. Bankr. Proc. 8002(a) ("The notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgment, order, or decree appealed from.").[8] Construing this provision, the Second Circuit has held:

> We . . . follow our sister circuits in holding that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect.

*Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2d Cir. 2005) (quotation marks omitted) (agreeing with district court's dismissal of *pro se* appellant's bankruptcy appeal on grounds that district court lacked jurisdiction to hear appeal because Notice of Appeal was untimely pursuant to Rule 8002(a)); *see also Delafield 246 Corp. v. City of New York*, No. 07-CV-6238, 2007 U.S. Dist. LEXIS 85356, at *3-*4 (S.D.N.Y. Nov. 13, 2007) (dismissing bankruptcy appeal on jurisdictional grounds where appellant filed untimely Notice of Appeal); *In re Norman Schapiro*, No. 06 Civ. 2685, 2006 U.S. Dist. LEXIS 56474, at *4 (S.D.N.Y. Aug. 15, 2006) (holding that *pro se* "Appellant's Notice of Appeal was not timely filed. Compliance with Rule 8002 is mandatory and jurisdictional."); *In re Premier Operations*, 290 B.R. 33, 37 (S.D.N.Y. 2003) ("failure to file a timely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's orders.") As discussed *supra* in footnote 8, appellant's deadline to file a Notice of Appeal included weekends and holidays because the time-period was eight days or greater. Thus, appellant's time period of ten days to file a Notice of Appeal ran from November 26, 2009 until December 5, 2009. However, because the last day of the period fell on December 5, 2009, which is a Saturday, the period ran until Monday, December 7, 2009.[9]

---

[6] On October 20, 2010, in an application for a Temporary Restraining Order, appellant requested the Court direct appellee and the Suffolk County Sheriff's Department to discontinue eviction actions until his appeal is decided. The Court noted the factual similarity to appellant's July 22, 2011 Order to Show Cause, and, thus, to the extent appellant's application was a motion for reconsideration of the Court's July 22 Order, the Court denied appellant's application for the reasons previously stated in that Order. (ECF No. 28.)

[7] Unless otherwise noted, all citations to Rules 8002 and 9006 of the Bankruptcy Rules, which were amended on December 1, 2009, are to the version in effect at the time of the November 25 Order.

[8] Under former Rule 9006(a) of the Bankruptcy Rules, weekends and holidays were included in the calculation of time under the Bankruptcy Code for a period of eight days or more.

[9] In its motion to dismiss, appellee computed that appellant's Notice of Appeal was due on December 9, 2009. (*See* Appellee's Aff. in Support of Mot. to Dismiss at 7 (appellee incorporated its legal arguments within its affidavit in support of its motion to dismiss the appeal)). Likewise, appellee computed that appellant's Notice of Appeal was filed twelve days after the November 25 Order, on

4

(*See* Fed. R. Bankr. Proc. 8002(a)) (if the last day of the period falls on a weekend or holiday, the period runs until the next day that is not one of the aforementioned days). In sum, pursuant to Rule 8002(a), appellant had until December 7, 2009, to file a timely Notice of Appeal of the November 25 Order. Here, however, sixteen days elapsed between the November 25 Order and the time appellant filed his Notice of Appeal on December 11, 2009.[10] The Notice of Appeal is, therefore, untimely and the Court lacks jurisdiction to consider it.[11]

---

December 11, 2009. (*Id*. at 6.) The Court notes that it appears that appellee mistakenly excluded weekends from its computations. (*See* footnote 8.) Based on the Court's independent computations, as stated above, appellant's last day to file his Notice of Appeal was December 7, 2009, and the date it was actually filed, December 11, 2009, is sixteen days from the November 25 Order. In any event, for the reasons stated herein, appellant's Notice of Appeal is untimely because it was filed more than ten days after the date of entry of the November 25 Order.

[10] As indicated *supra*, Bankruptcy Rules 8002 and 9006 were amended on December 1, 2009. Rule 8002(a), as amended, provides that the notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from, and this time-period includes weekends and holidays pursuant to amended Rule 9006(a)(1)(B). Here, as noted above, appellant's Notice of Appeal was filed on December 11, 2009. Thus, appellant's Notice of Appeal was filed sixteen days, including weekends and holidays, after the November 25 Order, and, accordingly, would be untimely under Rule 8002(a) in its current form as well.

[11] The Court is aware that Rule 8002 permits the bankruptcy judge to extend the time for filing a notice of appeal under certain circumstances—namely, "[a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later." Fed. R. Bankr. P. 8002(c)(2) Here, appellant failed to file any request for an extension to submit his Notice of Appeal, timely or otherwise.

## III. CONCLUSION

For the foregoing reasons, appellee's motion to dismiss this appeal is granted.[12]

---

[12] Because the Court finds that appellant's Notice of Appeal was untimely filed, and this Court lacks jurisdiction over it, the Court need not review the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error pursuant to Fed. R. Bank. P. 8013. However, as noted *supra*, in its Order dated July 22, 2010 Order, the Court conducted an independent review of the November 25 Order and the Court did not find any legal or factual errors. In an abundance of caution, the Court has conducted another extensive and independent review of that Order as part of this Memorandum and Order and, again, finds no legal or factual errors. As discussed in detail *supra*, in appellant's fourth bankruptcy case, filed on August 26, 2009, appellant opposed appellee's Motion for Relief from Stay to continue with a post-foreclosure eviction action against appellant. Specifically, appellant argued that appellee impermissibly foreclosed during the pendency of his third bankruptcy case, which was filed on August 4, 2008. The Court notes that the Bankruptcy Court did not err in concluding that the stay had expired on September 3, 2008 in appellant's third bankruptcy case, which was before the foreclosure sale on November 21, 2008. Specifically, the Bankruptcy Court correctly concluded that, pursuant to 11 U.S.C. § 362(c)(3), the automatic stay was limited to the first thirty days in appellant's third bankruptcy case because appellant's second bankruptcy case was dismissed on June 3, 2008 and he filed the third one less than a year later on August 4, 2008. *See* § 362(c)(3) ("if a single or joint case is filed by or against a debtor .

5

The Clerk of the Court shall close the case.

---

. . and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed," the automatic stay is limited to the first thirty days); *see also* November 25 Order at 3-5.) In addition, the Bankruptcy Court noted that appellant never sought to extend the stay, pursuant to Section 362(c)(3)(B), which provides that automatic stay is limited to the first thirty days unless appellant sought an extension and a hearing was held for him to demonstrate that the latter case was filed in good faith. (*See id*. at 4-5.) The Court notes that the Bankruptcy Court could have also relied on Section 362(c)(4), which provides "if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, . . . the [automatic] stay under subsection (a) shall not go into effect upon filing of the later case." Here, as discussed *supra*, appellant's first bankruptcy case was dismissed on January 29, 2008 and his second one was dismissed on June 3, 2008. In other words, at the time appellant filed his third bankruptcy case on August 4, 2008, appellant had two prior cases dismissed within the previous year and, thus, no automatic stay attached to his third case. *See In re Parker*, 336 B.R. 678, 680 (S.D.N.Y. 2006) ("Section 362(c)(4) applies where two or more cases were pending in the year prior to the filing of the instant case and provides that 'the stay under [Section 362(a)] shall not go into effect upon the filing of the later case.' " (quoting Section 362(c)(4)(A)(i))); *In re Rice*, 392 B.R. 35, 38 (W.D.N.Y. 2006) ("Pursuant to section 362(c)(4), when two or more bankruptcy cases were pending for the same individual during the prior year, the filing of the new case will not automatically impose any stay.") In any event, whether under Section 362(c)(3) or Section 362(c)(4), a stay was not in effect at the time of the foreclosure sale on November 21, 2008. In sum, after a careful and extensive *de novo* review of the record, the Court concludes that the Bankruptcy Court did not err in its November 25 Order in finding that the foreclosure sale was not held in violation of a stay.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 29, 2011
Central Islip, NY


\* \* \*


Appellant is proceeding *pro se*. Appellee is represented by Natalie Ann Grigg, Steven J. Baum P.C., 220 Northpointe Parkway, Amherst, New York 14228.